UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

THOMAS POWERS,                        )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )  No.: 15-4083-SEM-TSH
                                      )
                                      )
JENNIFER BLOCK, *et al.*,             )
                                      )
        Defendants.                   )

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Thomas Powers, proceeding pro se from his detention in the Rushville Treatment and Detention Center ("Rushville"), seeks leave to proceed in forma pauperis on his claims against Defendants for violating his Constitutional rights.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation omitted).

Powers' Complaint states a claim for violating his due process rights protected by the Fourteenth Amendment. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005).  The United States Supreme Court has held that "due process requires that the conditions and duration of confinement under the Act bear some reasonable relation to the purpose for which persons are committed." *Seling v. Young*, 531 U.S. 250, 265 (2001).  The Supreme Court has also opined that involuntarily committed mentally challenged persons have a substantive due process right to "conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions,

and such training as may be required by these conditions." *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982).

The Seventh Circuit has extended and summarized *Youngerberg* to include those individuals committed because they are sexually violent: "(a) committed persons are entitled to some treatment, and (b) what that treatment entails must be decided by mental-health professionals." *Lane v. Williams*, 689 F.3d 879, 882 (7th Cir. 2012)(internal quotation omitted).  In other words, the Seventh Circuit has held that "*Youngerberg* holds that, under the due process clause, detainees are entitled to non-punitive programs designed using the exercise of professional judgment . . . ." *Id.* at 883.

Here, Powers has alleged that his treatment at Rushville has been so minimal and so inadequate that it has violated his Due Process Rights under the Fourteenth Amendment.  The Fourteenth Amendment requires that Powers receive some treatment.  Powers has alleged that he is, essentially, not receiving any.  Therefore, Powers has stated a claim upon which relief can be granted against Defendants Jennifer Block, Gerrold Carreon, Shan Jumper, and Liberty Health Care Corporation.

In addition, Powers has alleged that Defendants Block, Carreon, Jumper, and Paula Lodge have retaliated against him because he has previously filed grievances and lawsuits against them and others at Rushville. Specifically, Powers contends that Defendants have threatened him, removed privileges, and withheld treatment because he has filed grievances and lawsuits. As such, Powers has stated a retaliation claim in violation of his First Amendment rights.

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's motions for leave to proceed in forma pauperis [3 & 4] are GRANTED, but Plaintiff's motion to waive partial payment [8] is DENIED.

2. Pursuant to a review of the Complaint, the Court finds that Plaintiff states a Fourteenth Amendment Due Process claim against Defendants Jennifer Block, Gerrold Carreon, Shan Jumper, and Liberty Health Care for failing to provide treatment to him during his confinement at Rushville and states a retaliation claim in violation of his First Amendment rights against Defendants Block, Carreon, Jumper, and Paula Lodge. Any additional claim(s) shall not be included in the case except at the Court's discretion on

motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 60 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter an Order scheduling deadlines for discovery and dispositive motions.

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said

Defendant's forwarding address.  This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6.    Defendants shall file an Answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an Answer.  The Answer should include all defenses appropriate under the Federal Rules.  The Answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the Answer is necessary or will be considered.

7.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on

Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

**It is further ORDERED that the Clerk is directed to**: **(1) show Plaintiff's motions to proceed in forma pauperis [3 & 4] as GRANTED; (2) show Plaintiff's motion for status [7] as DENIED as moot in light of this Order; (3) show Plaintiff's motion to waive partial payment [8] as DENIED; (4) attempt service on Defendants pursuant the standard procedures; and (5) set an internal Court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.**

**Lastly, it is ORDERED that, if a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 27th day of October, 2015:

                                       s/ Sue E. Myerscough
                                     SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE