IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

THOMAS POWERS )
PLAINTIFF )
VS. ) CASE NO. 15-4083
JENNIFER BLOCK et al )
DEFENDANTS )

---

PLAINTIFF'S RESPONSE TO DEFENDANTS'S
MOTION FOR SUMMARY JUDGEMENT
MEMORANDUM OF LAW

GENUINE ISSUES OF MATERIAL FACT PRECLUDE SUMMARY JUDGEMENT

AS THE UNITED STATES SUPREME COURT UNANIMOUSLY HELD IN HAINES V KERNER 404 US 519, 92 S.CT. 594, A PRO SE COMPLAINT HOWEVER ARTFULLY PLEADED MUST BE HELD TO A LESS STRINGENT STANDARD THAN FORMAL PLEADINGS DRAFTED BY LAWYERS.

SUMMARY JUDGEMENT MAY ONLY BE "RENDERED IF THE PLEADING, THE DISCOVERY AND DISCLOSURE MATERIALS ON FILE, AND ANY AFFIDAVITS SHOW THAT THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND THAT THE MOVANT IS ENTITLED TO JUDGEMENT AS A MATTER OF LAW." FED. R. CIV.P. 56(c)(1)(B)(c)(2). THE MOVING PARTY BEARS THE BURDEN OF PRODUCING EVIDENCE THAT INDENTIFIES "THOSE PORTIONS OF THE PLEADINGS, DEPOSITIONS, ANSWERS TO INTERROGATORIES, AND ADMISSIONS ON FILE, TOGETHER WITH AFFIDAVITS, IF ANY, WHICH IT BELIEVES DEMOSTRATES THE ABSENCE OF A GENUINE ISSUE OF MATERIAL FACT". OUTLAW V. NEWKIRK, 259 F3d 833, 837 (7th CIR. 2001). ANY DISCREPANCIES IN THE FACTUAL RECORD SHOULD BE EVALUATED IN THE NON MOVANT'S FAVOR. ANDERSON V. LIBERTY LOBBY INC. !)_ S.CT. 2505, 2513 (S.Ct 1986)(citing ADICKES V. S.H. KRESS AND CO., 90 Sct.1598, 1609. THE PARTY MOVING FOR SUMMARY JUDGEMENT MUST SHOW THE LACK OF A GENUINE ISSUE OF MATERIAL FACT". CELOTEX CORP. V. CATRETT? 106 S. Ct. 2548, 2553 (S Ct. 1986).

### INTRODUCTION

THIS CASE CHALLENGES THE CONSTITUTIONALITY OF THE TREATMENT OF THE PLAINTIFF AT THE ILLINOIS DEPARTMENT OF HUMAN SERVICES TREATMENT AND DETENTION FACILITY CONTRACTED BY LIBERTY HEALTH CARE OPERATED BY THE DEFENDANTS FOR SEXUALLY VIOLENT PERSONS.

THIS CASE CHALLENGES THE BOUNDARIES THAT WE THE PEOPLE SET ON THE NOTIONS OF INDIVIDUALIZED LIBERTY AND FREEDOM, THE BEDROCK PRINCIPLES EMBEDDED IN THE UNITED STATES CONSTITUTION. AS HAS BEEN LONG RECOGNIZED, THE GOVERNMENT MAY INVOLUNTARILY DETAIN AN INDIVIDUAL OUTSIDE OF THE CRIMINAL JUSTICE SYSTEM THROUGH THE SO-CALLED "CIVIL COMMITMENT" PROCESS, WHICH PERMITS THE STATE TO DETAIN INDIVIDUALS WHO ARE SUFFERING FROM ACUTE SYMPTOMS OF SEVERE MENTAL ILLNESS AND WHO ARE TRULY DANGEROUS TO THE PUBLIC AS A RESULT OF THEIR PSYCHIATRIC CONDITION. BUT OUR CONSTITUTIONAL PERSERVATION OF LIBERTY REQUIRES THAT WE CAREFULLY SCRUTINIZE ANY SUCH DEPRIVATION OF AN INDIVIDUAL'S FREEDOM TO ENSURE THAT THE CIVIL COMMITMENT PROCESS IS NARROWLY TAILORED SO THAT DETENTION IS ABSOLUTELY LIMITED TO A PERIOD OF TIME NECESSARY TO ACHIEVE THESE NARROW GOVERNMENTAL OBJECTIVES. AFTER ALL, THE INDIVIDUAL WHO IS CIVILLY COMMITTED IS NOT BEING DETAINED IN ORDER TO BE PUNISHED FOR THE COMMISSION OF A CRIME. IF IT TURNS OUT THAT THE CIVIL COMMITMENT IS IN REALITY PUNISHMENT FOR PAST CRIMES OR A WAY TO PREVENT FUTURE CRIMES THAT MIGHT BE COMMITTED, OR, IN THE WORDS OF JUSTICE ANTHONY M. KENNEDY, "IF THE CIVIL SYSTEM IS USED SIMPLY TO IMPOSE PUNISHMENT AFTER THE STATE MAKES AN IMPROVIDENT PLEA BARGAIN ON THE CRIMINAL SIDE, THEN IT IS NOT PERFORMING ITS PROPER FUNCTION." <u>KANSAS V. HENDRICKS</u>, 521 U.S. 346, 373 (1997)(KENNEDY.J., CONCURRING) see also id. (" WE SHOULD BEAR IN MIND THAT WHILE INCAPACITATION IS A GOAL COMMON TO BOTH THE CRIMINAL AND CIVIL SYSTEMS OF CONFINEMENT, RETRIBUTION AND GENERAL DETERENCE ARE RESERVED FOR THE CRIMINAL SYSTEMS ALONE").

ONE REASON WHY WE MUST BE SO CAREFUL ABOUT CIVIL COMMITMENT IS THAT IT CAN BE USED BY THE STATE TO SEGREGRATE UNDESIRABLES FROM SOCIETY BY LABELING THEM WITH A MENTAL ABNORMALITY OR PERSONALITY DISORDER. FOR EXAMPLE, CIVIL COMMITMENT MIGHT IMPROPERLY BE USED TO INDEFINITELY EXTEND THE PRISON TERMS OF INDIVIDUALS WHO HAVE BEEN CRIMINALLY CONVICTED OF A CRIME AND WHO HAVE FINISHED SERVING THEIR DEFINED TERMS OF IMPRISONMENT. THE PLAINTIFF HAS BEEN DETAINED AND CONFINED FOR THE LAST FOUR YEARS AT THE ILLINOIS DEPARTMENT OF HUMAN SERVICES TREATMENT AND DETENTION FACILITY AND HAS CONSENTED TO BE TREATED FOR THE DISORDERS THAT HAVE BEEN LABELED BY STATE EVALUATORS BY THE CONTRACTED LIBERTY HEALTH CARE AND THE DEFENDANTS. THE PLAINTIFF MAY BE SUBJECT TO SOCIETY'S OPPROBRIUM, BUT DOES NOT INSULATE THE CRIMINAL AND CIVIL JUSTICE SYSTEMES FROM A FAIR AND PROBING CONSTITUTIONAL INQUIRY.



IT IS FUNDAMENTAL TO OUR NOTIONS OF A FREE SOCIETY THAT WE DO NOT IMPRISON CITIZENS BECAUSE WE FEAR THAT THEY MIGHT COMMIT A CRIME IN THE FUTURE. ALTHOUGH THE PUBLIC MIGHT BE SAFER IF THE GOVERNMENT, USING THE LATEST "SCIENTIFIC" METHODS OF PREDICTING HUMAN BEHAVIOR, LOCKED UP POTENTIAL MURDERS, RAPISTS, ROBBERS, AND, OFCOURSE, SEX OFFENDERS, OUR SYSTEM OF JUSTICE, ENSHRINED IN RIGHTS GUARANTEED BY OUR CONSTITUTION, PROHIBTS THE IMPOSITION OF PREVENTIVE DETENTION EXCEPT IN VERY LIMITED CIRCUMSTANCES. THIS STRIKES AT THE VERY HEART OF WHAT IT MEANS TO BE A FREE SOCIETY WHERE LIBERTY IS A PRIMARY VALUE OF OUR HERTIAGE. SIGNIFICANTLY, WHEN THE CRIMINAL JUSTICE SYSTEM AND THE CIVIL COMMITMENT SYSTEMS CARRY OUT THEIR RESPONSIBILITIES, THE CONSTITUTIONAL RIGHTS OF ALL CITIZENS, INCLUDING SEX OFFENDERS, CAN BE UPHELD WITHOUT COMPROMISING PUBLIC SAFTEY OR DISRESPECTING THE RIGHTS, CONCERNS, AND FEARS OF VICTIMS.

WITHTHAT SAID IT IS THE DUTY OF THIS COURT TO CLOSELY SCRUTINIZE THE CONSTITUTIONALLY OF THE INADEQUATE TREATMENT THAT THE STATE OF ILLINOIS HAS ADOPTED WHICH COULD RESULT IN THE INDEFINITE DETENTION OF THE PLAINTIFF AND ALONG WITH ALMOST 600 SEXUALLY VIOLENT PERSONS AT THE ILLINOIS DEPARTMENT OF HUMAN SERVICE TREATMENT AND DETENTION FACILITY IN RUSHVILLE, ILLINOIS.

It is further apparent that the Plaintiff is being denied treatment not because of his own doing but because the plaintiff has posed to assert his constitutional right to petition protest and seek legal redress against the defendants and other Rushville TDF staff. These acts of retaliation came in the form of psychological torture, fraudlent non-substative behavioral reports, negative progress notes where all the plaintiff wants to do is go through the treatment that is offered so then he can be released and denied his liberty no more. The defendants have intentionally delayed and denied mental health treatment because the plaintiff is a litigation writer by denying adequate treatment from mental health professionals that are not licensed to provide treatment. Plaintiff has and will present verifiable authenticated E-mails, Notarized complaints, defendant's interrogatories answers, admissions, sworn affidavit and declarations from other residents going through very similar situations of inadequate treatment are relevant to the facts of this case in support of the plaintiff's response and Opposition to the Defendant's Motion for Summary Judgement in accordance with and pursuant to the Federal Rules of Civil Procedure.

⑦

Further more Summary Judgement is "only appropriate" where the pleadings, depostions, answers to interrogatories, or admissions on file together with any affidavits showing there is no geniune issues of material fact for trial and the moving parties are entitled to judgement as a matter of law. Fed R. Civ. P. 56(c). Nelson v Sandoz Pharmaceuticals Corp. 288 F. 3d 954, 962 (7th Cir. 2002). The District Court is supposed to decide Motions for Summary Judgement based on the facts that are properly put before it. This usually means facts stated on personal knowledge on sworn affidavits, or declarations under the penalty of perjury. Declarations or affidavits by prisoners, post-expirations prisones have the same status as those by anyone else and it is improper to discount or disregard them. See Scott v. Coughlin 344 F3d. 282, 289 7th Cir. 2003). Carol V. Yates 362 F3d 984, 985 (7th Cir. 2004). Taylor v Rodriquez 283 F3d 188, 195 (2nd Cir 2001)(prisoners affidavits are sufficient without cooberation by other affidavits or documention) Wilson v. Williams 997. F2d 348, 350-51 (7th Cir. 1993). For these reasons, this Honorable Court should deny Summary judgement against the Defendants.

## II. UNDISPUTED MATERIAL FACTS.

1. Material Fact number 15 is undisputed.
2. Material fact Number 34 is undisputed
3. Material Fact Number 35 is undisputed
4. Material Fact Number 78 is undisputed
5. Material fact Number 79 is undisputed
6. Material fact Number 131 is undisputed
7. Material fact Number 164 is undisputed see page 124 Deposition.
8. Material Fact number 165 is undisputed
9. Material fact Number 166 is undisputed.

## III. DISPUTED MATERIAL FACTS.

1. **DISPUTE:** The Illinois Department of Human Services Treatment and Detention Facility is the Host and provides the Security, Wexford Health care provides the medical care, Aramark Correctional Food Services provides the food and Liberty Health Care must provide the mental health care pursuant to the Sexual Violent Persons Act 725 ILCS 207/1 et seq. The treatment provided must be only by persons licensed under the Sex Offender Evaluation and Treatment Provider Act pursuant 225 ILCS 109/40 to treat Rushville's civil detainees and determine whether and when the resident has improved to a point where they can be released without danger to the public 225 ILCS 109/40; 725 ILCS 207/55(a)(b) See Hughes v. Dimas 2016 WL 4994991 (7th Cir 2016) also noted in "Hughes v. Dimas", Liberty Healthcare Corporation which furnishes the clinical treatment personal at Rushville does not require that the therapists be licensed. See Liberty Health Care Corporation,"Counselor-sex offender treatment program" www.glass door.com/job-listing-counselor-sex-offendertreatment program-liberty-healthcare-JV 1C1128554 KOO, 40 KE 41,59 htm?jl=19420767906(visited September 16,2016). The program per the SVP ACT must be designed to treat the residents with the diagnosed "mental disorder" a paraphilia or paraphilic disorder that causes a person to commit a sexual act.(in the future).

   On November 1,2016 Dr.Paula Lodge stated while faciltaing the ancillary group "treatment Foundation""that the therapist including herself do not treat mental disorders, we treat just behaviors", this was witnessed by residents the Plaintiff Thomas Powers, Michael Boaz, Robert Lindsey, Scott Haskins Mr. Crawford, Mr. Chapman, Mr. Jones, Mr. Brazzel, Mr. Striker and C. Collins A new unlicensed therapist (SOETP Act) was also present.(See Powers affi- EX A 221).

2. **DISPUTE:** Does not treat paraphilias or paraphilic disorders particularily in the plaintiff's diagnosis evaluated by State Evaluators per the SVP Act Kimberly Weitl of "Other Specified Paraphilic Disorder"NONCONSENT" on March 5 2014 Exhibit  A  Powers Aff. _____ and Exhibit  C  Kareem M. _____. A paraphilia is not just a behavioral issue but a disorder that has been diagnosed that is recurrent intense sexual urges and fantasies and behaviors that lack volitional control to commit additional acts of sex offending and is either cognetial or acquired. This has to be treated.

5.

(9)

3. DISPUTE: on whether refusal of treatment does not have consequences see Exhibit page 39/40 of 79 of the Residents handbook)

4. DISPUTE: Orientation was the beginning of treatment See resident rule book page 42 entitled "phase i-Assessment Exhibit D also certicate date October October 12,2012 "Orientation" Exhibit __E__ March 19,2013 Plaintiff's copy of Consent to treat refusal to sign and refusal to produce. Exhibit F

5. DISPUTE: A resident may withdraw from treatment at any timenot withhut reprecussions and detrimentsby treatment team and staff.

6. DISPUTE: All residents have recreation groups available if recreation department selects you. These groups are facilitated by both Recreational and Clinical Therapist. They are not "sex Offender Specifiec"Treatment.

7. DISPUTE: The treatment team does not provide the residents with individual needs it is only group therapy with unlicensed therapists and residents.

8. DISPUTE: A treatment planis created by a therapist but clearly not followed by any therapist or are the residents goals. Example First treatment plan July 19,2012 PPG done _1/19/13_ and Phase 2 _7/19/13_ Exhibit G

9. DISPUTE: Treatment phase not followed in plan. Testing diagnosis if diagnosis is brought up by resident he is chastized and then it is claimed that the resident is presenting legal agenda. Treatment commitment a day at a time  Interaction with peers. All residents are considered the same here  Cooperation with staff and facility rules: Subjected to prison rules and punishment. See Fred Berlin MD., PH.D Associate Professor,The John Hopkins University School of Medicine. An evaluation conducted on the Illinois Sex Offender Treatment Unit pursuant to the SVP ACT. Medication compliance Prescribed medication is often interferred with by treatment providers and security staff. See July 8 throgh 14 2013 progress notes. Staffing consists of 6 to 8 Clinical therapists,a recreational therapist, some time security and sometimes a medical personal. Exhibit I

10. DISPUTE:  on whether Residents' concerns are validated and whether there is any opportunity to go over these reviews with any therapists.

11. DISPUTE:  immaterial.

5.

⑩